E-FILED
Tuesday, 02 October, 2007  12:04:58 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

MARLON L. CURRY,                )
                                )
    Petitioner,                 )
                                )    No. 07-1236
v.                              )
                                )
EDDIE JONES,                    )
                                )
    Respondent.                 )

## O P I N I O N   A N D   O R D E R

Before the Court is Petitioner's Request to Proceed In Forma Pauperis [Doc. 3] and Petitioner's Motion to Appoint Counsel [Doc. 4].  For the following reasons, the Motion to Proceed In Forma Pauperis is GRANTED and the Motion to Appoint Counsel is DENIED.

Petitioner has attached an affidavit and trust fund statement which states that Petitioner has only $1.56 to his name.  Accordingly, Petitioner's request to proceed In Forma Pauperis is GRANTED.

As to Petitioner's request for counsel - this Court's authority to appoint counsel for indigent petitioners derives from 28 U.S.C. § 1915(e)(1), which states: "The court may request an attorney to represent any person unable to afford counsel."  See Gil v. Reed, 381 F.3d 649, 656 (7th Cir. 2004). In determining whether to appoint counsel for an indigent party,

this Court must make the following inquiry: "Given the difficulty of the case, did [Petitioner] appear to be competent to try it himself[?]" Greeno v. Daley, 414 F.3d 645, 658 (7th Cir. 2005) (quoting Farmer v. Haas, 990 F.2d 319, 322-23 (7th Cir. 1993)).

The Seventh Circuit, however, has instructed that before conducting this inquiry, district courts are to "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." Gil, 381 F.3d at 656 (quoting Jackson v. County of McLean, 953 F.2d 1070, 1072 (7th Cir. 1992)).  Only if the petitioner meets this initial "threshold showing of an attempt and failure to obtain counsel," will the Court turn to the standard articulated in Greeno and Farmer.  See, Gil, 381 F.3d at 656.

Here, Petitioner has failed to meet his initial threshold showing of an attempt to obtain counsel unsuccessfully, which is normally demonstrated by submitting letters from attorneys who have refused to take the case.  Thus, this fact alone is sufficient to support the Court's refusal to appoint or otherwise request counsel to represent Petitioner.  See, id. Accordingly, Petitioner's Motion for Appointment of Counsel is DENIED.

Furthermore, pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts, the Court has considered the grounds set forth in the Petition and has decided that there could be merit to some of those grounds. Therefore, the Court orders Respondent to file an answer or responsive pleading within sixty (60) days after service of this Order. Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally defaulted. In addition, Respondent should address the merits of Petitioner's constitutional claims and otherwise fully comply with Rule 5.

IT IS THEREFORE ORDERED that the Clerk shall serve a copy of Petitioner's § 2254 Habeas Petition [Doc. 1] and accompanying Memorandum [Doc. 2] by certified mail upon Respondent, along with this Order. Respondent shall file an answer or responsive pleading to Petitioner's § 2254 Habeas Petition within sixty (60) days after service of this Order. Petitioner shall serve upon the Respondent a copy of every further pleading or other document submitted for consideration by the Court.

IT IS ALSO ORDERED that Petitioner's Motion for Appointment of Counsel [Doc. 4] is DENIED and Request to Proceed In Forma Pauperis [Doc. 3] is GRANTED.

ENTERED this  2nd  day of October, 2007.

                                              s/Joe Billy McDade  
                                                Joe Billy McDade  
                                      United States District Judge